The next case up for oral argument is Appeal No. 25-1357, United States v. Richards. Good morning, Mr. Hammernick. Good morning. Good morning, Your Honors. May it please the Court. Counsel. My name is Jared Hammernick and I'm here on behalf of Timothy Richards. I'd like to reserve about two minutes for rebuttal and I'll try to watch the clock. In this case, the District Court imposed a 36-month sentence following Mr. Richards' revocation of his supervised release. The District Court explained that the first reason for revoking his supervised release and, well, not for revoking the release, but for imposing the above guideline sentence was that doing so would provide him with needed correctional treatment in the most effective manner. That's the statutory language of rehabilitation drawn essentially verbatim from 3553A to D. Because the Court relied expressly on rehabilitation as a primary reason for his above guideline sentence, we would ask this Court to reverse and remand. In looking at the totality of the sentencing, you've identified that one piece, but before that, the Court is talking about how Mr. Richards has said, I don't want any more supervised release. I'm not going to comply with the terms. I'm not going to do what you're telling me. Don't give me any more supervised release. In light of that, and the Court really grappling with how do I balance then not giving him supervised release, but making sure the sentence is proper, why can't, why isn't that statement taken in context really a response to that as opposed to a pure rehabilitation statement? Sure, so I appreciate the question and I recognize that my client put the District Court in a difficult spot in terms of what's the right sentence here. He essentially said I'm not going to cooperate with supervised release. The Court obviously can and really has to take rehabilitation into account when considering different components of the sentence, but 3582A and Tapia are very clear that the Court cannot use rehabilitation as a reason for the sentence. Here, what we have is as the District Court is explaining the sentence that it's imposing, the Court obviously goes through and lists a number of things that's considered, including by the way, the government and the probation officer statements that you should impose an above guideline sentence in order to provide him with rehabilitative services. The Court mentions all of these different factors that it's relying on or that's considered, I should say, and then it expressly says, here's the reason for the sentence, right? And it gives two of them. The first one is rehabilitation. And so our argument is not that the Court cannot consider his, whatever you want to call it, incorrigibility or whatever, in terms of his unwillingness to participate in supervised release. You can consider that and may be able to incorporate that in other ways. But what you can't do is sentence him to 36 months of imprisonment, an above guideline term, for the reason that he needs additional correctional treatment in the most effective manner. Is this a problem simply because of the absence of any further supervised release? Mm-hmm. I don't think so. I don't think that's the problem. So in other words, if I understand your question, if the Court had said exactly this, but then also imposed some supervised release on the back end, I don't think that this explanation would sort of relate to the supervised release portion because the Court was talking about why it was imposing an above guideline sentence and the only part of the sentence that was above the guidelines was the prison term. Well, that's the only part of the sentence, period, in this case, right? Sure. And so I guess I could— That's my point, that ordinarily—I mean, we've talked before about the cognitive dissonance caused by these statutes and the case law, but we expect the district judge to think about—we require the district judge to think about correctional treatment, right? Of course. And so I guess I'm trying to understand if your argument is dependent upon the fact that there was nothing other than prison in this sentence. I think my argument is it depends on the record that we have, which is obviously that, and so it's hard for me to imagine it. So if the Court had provided this exact same explanation, in the exact same way, discussed, you know, penal fine or whatever, and then come back around to supervised release and said, I'm also going to impose a six-month term or a year-long term, whatever, of supervised release, and there was some explanation for that, I think that explanation would relate to the supervised release term. I don't know that you can import and express, you know, explanation for the prison term and say, well, that actually explains the supervised release term. I think that would be reading the transcript out of context, but again, we're dealing with sort of a hypothetical transcript, and I understand the difficulty that courts ordinarily have in these cases about sort of balancing all the right factors and walking the cognitive tightrope and so on, and I recognize that. But in this case, we just have a very express statement that I'm sending you to prison for 36 months to, you know, to provide needed correctional treatment in the most effective manner. That's an express reliance. Well, if that's all she had said, that would have been a problem, presumably, but yeah. Okay. Um, suppose a district judge looks at somebody in this situation and says, there's just no point in trying to rehabilitate you. Then we'd have a whole set of different problems, right? You'd be here with some very different arguments, right? Under 3553A. I may. You know, so there's definitely a tightrope here. I'm not suggesting that this is always an easy balance, but what I am suggesting is that 3582A and Tapia are very clear, as is the sports decision in Shaw and even, I think, the reasoning in the United States versus Long, that there are many things that the court can do in trying to fashion an appropriate sentence, and there are many things the court can say in terms of referencing rehabilitation and trying to reach out to a person in a difficult situation and try to connect with them on a human level. I don't think any of that is problematic. What I think is problematic is imposing an above-guideline sentence for the reason that, you know, for a rehabilitative reason, for a rehabilitative purpose. Well, I guess, again, looking at the totality, as we must and were directed to do at sentencing, it was more than just, I'm not going to add any additional supervised release on here. The court is responding to and grappling with, he has four years left on his term of supervised release, which I'm going to terminate. So how do I balance the goals of supervised release, which not only am I not going to impose, I'm going to do away with the four years that was originally imposed? It seems like her comment is in response to that.  So I think the sort of history and characteristics as the second reason go more to that. I think, you know, the court was responding sort of in the context of this hearing, and I'm not walking away at all from the context. I think the context helps us, right? Because you have a probation officer expressly recommending an above-guideline prison term for rehabilitative reasons and the government expressly adopting and arguing for that as well. So I think the whole context here is, like, how do we deal with the individual in front of us and provide him with the help that he needs? When that happens, why doesn't the defense argue Tapia? I don't know the answer to that question. I mean, I think the basic answer is, like, the government and the probation officer don't violate Tapia. The court does when it imposes a sentence. And so... Well, what you're telling us is that both the probation officer and the government were inviting the district court to violate Tapia. That would, if that was so obvious, nobody seems to have picked up on it. Sure. And so, you know, to the extent that that goes to the question of, you know, forfeiture, plenary review or not, I think this court's case law is crystal clear that, you know, it's an agreement. It's not just that. It's also the problem of just how intractable and impossible these Tapia issues become. And I agree in the ordinary course that they can get very, very difficult. I think this is an easy case, frankly, because the court said that the reason for the above guideline sentence was to provide the defendant with needed correctional treatment in the most effective manner. That is the statutory language of rehabilitation. And so, from my perspective, from our perspective, we think it's just a clear statement that rehabilitation drove the above guideline nature of the sentence. I'm happy to address any other questions. Otherwise, I'll reserve it for rebuttal. Okay. Thank you. Thank you. Mr. Temkent. Good morning. Good morning, Your Honors. May it please the court, Eli Temkent for the United States. This court should affirm Mr. Richard's revocation sentence. I'll start this morning with the standard of review. This court's review is limited to plain error for two reasons. First, the Supreme Court's recent Asteris case directs courts of appeals to review for error in the situation where a defendant does not raise an objection at the sentencing hearing. I'll be happy to talk more about Asteris and the implications here. But, more specifically, in this case, the district court asked Mr. Richard's counsel if there was any reason, if there was any problem, any reason the sentence should not be imposed as stated. And Mr. Richard, through counsel, said no. That forfeited the point. So, to recap what happened here, the district court at the hearing heard from the parties, probation's recommendation was out there to clear up the government adopted, supported probation's recommendation. It did not go into this issue about rehabilitation at the hearing. When did the defendant have the opportunity to object to this other than at the end when the court said, is there any reason why the sentence shouldn't be imposed, which we have some case law saying that may not be enough. But when prior to that, getting at the Rule 51A versus B distinction, did the defendant have the opportunity to object to this issue? I think there are two parts to the answer. First, the piece that you just referenced, Your Honor, at page 23 of the transcript, page 23 of the appendix, is when this question came up. And asking the question at that point gave Mr. Richard's the chance. So, it's different from a case where a normal, say, asteris or Wood or Wiltshire case without that kind of a question. That kind of a question, though, changes the calculation. It gives the defendant a chance to object. And that's what this court held, for example, in United States versus Long, where essentially identical language, the defendant had a chance to object and said no objection. Similarly, in the Salinas case from this court and the Henderson case from the Supreme Court that we cited in the brief. That gave the defendant a chance. The other part of the answer to Your Honor's question is the Wood, Wiltshire, asteris point. So, if there hadn't been a question, the government's position is that asteris essentially abrogated this court's earlier case law. And the government has- 51B and not A. Yes, Your Honor. So, asteris sets out both what happens when a defendant fails to object, but it also explains that the defendant does need to object. And this came up in asteris because one of the government's main arguments was workability. How is a court of appeals on review supposed to go back and reconstruct what was in the district court's mind? The government presented that issue in its brief. The defendant, in reply in that case, said the answer is plain error review. If the defendant presents the question, then the court has a chance to address it. If not, review is for plain error. The same issue came up at oral argument. Justice Sotomayor, I believe at page 50 or 51 of the argument transcript, talked about plain error as the answer to that workability problem. Justice Kavanaugh returned to it on page 81 of the transcript. The Supreme Court considered this point and directed district courts- excuse me, directed courts of appeals to review only for plain error in the situation, even absent a question. Wasn't asteris a situation, though, where this issue was known prior to sentencing, prior to the actual imposition of the sentence? Because I think in the 51B, A context and would, and some of our opinions along those lines, the challenge is when the court is imposing a sentence and using a factor that neither side had notice of in advance, that's where 51A comes in and where you don't have to interrupt the court while the court is imposing sentence at that stage. Perhaps, Your Honor, but in this case, the defendant had that opportunity. The, excuse me, the court on page 21 of the appendix went through its considerations, what it was thinking, and that's where the purported error happened. But the district court at that point had not imposed the sentence. The district court at that point said, the sentence that shall be imposed. Then the district court went through some additional considerations and on page 23 of the appendix asked the question, gave the defendant a chance, and then at that point said, the sentence is imposed as stated. The defendant had a chance to object. On the asteris point, the government has presented this argument, as we noted in our Rule 20HA letter, in two recent appeals heard before this court. To that point, also, since asteris, seven courts of appeals that we've cited in our Rule 20HA letter have applied plain error review under asteris in this circumstance. Asteris, to the extent this court's case law was to the contrary, asteris abrogated it. Again, though, this court doesn't even need to get to the asteris point in this case because the question specifically gave Mr. Richards a chance to object and he forfeited that, consistent with this court's case in Long and the Salinas and Henderson cases. With that, I'll move on to the merits in this case. The merits in this case actually illustrate what asteris was talking about, where the defendant is trying to go back and pick out one phrase in isolation without giving the district court a chance to reconstruct, without giving the district court a chance to clarify its thinking on the spot. So that's why asteris says this is for plain error. The district court's sentencing remarks are considered in context and as a whole, and both parties agree on that principle. The court here relied on permissible considerations and reasons for the sentence. And there is much more to the transcript and to the court's considerations that it set out than my colleague noted. The court on page 21 of the transcript went through all the factors it had considered. It talked about holding Mr. Richards accountable for his violations. It led with that. It said that twice. And that sounds in the breach of trust theory that this court has repeatedly endorsed, just as the sentencing guidelines policy statement endorses, that's consistent with cases like Dawson, for example. The court also talked about Mr. Richards' rejection of supervised release. He told the court that he wasn't going to comply with any future supervised release, and that by itself is a proper reason to revoke supervised release and impose a prison sentence, as this court held in United States v. Smith and also in an unpublished Gallagher decision. Similarly, it's consistent with this court's Dawson decision that says that expressing contempt for supervised release is a proper reason for a prison term on revocation. The court also considered the fact that Mr. Richards had been given a six-year supervised release term. He had only served two years of that, and he had four years to go. He was refusing to comply with any more supervised release. So essentially, he was seeking to get caught early from his original sentence. The language that Mr. Richards points to about this needed correctional treatment, that one phrase did not establish a tapia error. Again, this is considered in context, and he's seeking to essentially cherry-pick this one phrase. What do you think he was referring to? He was referring to what to do with this defendant. Everyone was on the same page at the sentencing hearing. He was rejecting supervised release, but he needed some kind of consequence. And so there was a need for some type of correctional treatment to do something in the correctional system to impose some consequence for Mr. Richards. The district court explained that it was facing this conundrum. The government counsel talked about that conundrum also. Everyone was on the same page. Mr. Richards had no interest in and no appetite for rehabilitation. On a common-sense reading, it just would not make sense for the district to think that the district court was thinking about rehabilitation in prison, especially when Mr. Richards said, I'm probably not going to do that DOP programming. That just was off the table because of Mr. Richards. He essentially tied the court's hands. To that point, there was no error in the language at all, let alone a plain error, as this court explained in the long decision where there is, at best, an ambiguous explanation. Finally, this case does not call for this court's discretionary relief when Mr. Richards rejected supervised release. Thank you. Thank you. Mr. Kamernick? Would you address the government's argument that Esterra abrogates our line of opinions in Wood, et cetera? Sure. I think this argument by the government is waived wrong, and we win anyway, if they're right or not. It's waived because the argument in the brief was perfunctory and hardly developed. It's wrong because this court, A, has already rejected it, the United States v. Stewart. Esterra really has nothing to do with plain error review at all. It's dicta about an issue that was not before the Supreme Court. It's considered guidance, and so I think in a 3553A2A context, this court can seriously consider that, but we're talking about a completely different issue. I don't think Esterra really guides this court or abrogates it. This court looks for compelling reasons to overturn its precedent. The government has not tried to make that point. And even if the court were to sort of go down that line, I think we still win on plain error review for the reasons we point out in the brief. The error here, we've described at length in the briefing. The error was obvious because the court relied, and let me just quote the court, because I think the government really is trying to have this court not take the district court at its word. So here's page 21 of the transcript, appendix page 21. The court says, the sentence is imposed for the following reasons. While it's outside the guideline range, the court nonetheless finds that it provides the defendant with needed correctional treatment in the most effective manner. That's the statutory language of rehabilitation. It's the reason and not just the considerations. The court listed a number of things it was considering and then provided the reason for the sentence. So are we trying to parse the difference between considerations and reasons? So when the court tells you the number of things that it has brought into account, I think those are sort of implicit, those implicitly weigh into the balance. But when the court tells you the reason for the sentence, I think that's the reason for  So we should, you say we should parse that difference and reverse on the basis of that? I think what this court should do is take the district court at its word that the reason for the above guideline sentence was the reason that it gave. I don't doubt that the court took into account all of those other factors. I submit that those other factors are permissible considerations and in fact likely required. Now some of those considerations I think underscore the error here. But when the court says here's my reason for this sentence, I think the court should take the district court at its word. And in this case, that leads to reversal. And so we would ask this court to do that. There are no other questions. Thank you for your time. Thank you. Thanks to both counsels in the case. The court will take it under advisement.